Kunal Jain SBN 296642
*Kunal@JainLawOffices.com*
James L. Hanger III SBN 293416
*James@JainLawOffices.com*
**JAIN LAW OFFICES, P.C.**
10866 Wilshire Blvd
STE 400-777
Los Angeles, CA
Business: (310)-957-2214
Facsimile: (424)-313-7123

Attorneys for Plaintiff
S&R Global Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S&R Global Inc., a California Corporation d/b/a Saints & Hearts,<br><br>          Plaintiff(s)<br><br>     vs.<br><br>Sun "Sunny" J. Park, an individual; Hye "May" J. Park, an individual; Heartbox, Inc. a California corporation d/b/a Wisteria Lane; DOES 1-10, inclusive,<br><br>          Defendant(s). | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>　1. **COMPUTER FRAUD AND ABUSE**<br>　2. **MISAPPROPRIATION OF TRADE SECRETS**<br>　3. **CONVERSION**<br>　4. **COMMON LAW COPYRIGHT INFRINGEMENT**<br>　5. **INTENTIONAL INTERFERNECE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>　6. **NEGLIENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>　7. **BREACH OF THE DUTY OF LOYALTY**<br>　8. **FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff hereby alleges, states and complains as follows:

## PARTIES

1.      Plaintiff S&R Global Inc., is a California Corporation doing business as Saints & Hearts and who has been damaged as described herein.

2.      Defendant Sun "Sunny" Ju Park ("Defendant S. Park") is an individual that at all times relevant herein, caused, directed, authorized, supervised, managed, and/or is otherwise responsible for the improper conduct described herein.

3.      Defendant S. Park was hired by Plaintiff as a sales manager on or around August of 2019.

4.      While still working for Plaintiff, defendant established a business "Heartbox, Inc." as a way to compete with Plaintiff.

5.      Defendant S. Park is the current named Chief Executive Officer and Secretary of Heartbox, Inc. and continues to use that entity to improperly and directly compete against Plaintiff.

6.      Defendant Hye "May" Jin Park ("Defendant H. Park") is an individual that at all times relevant herein, caused, directed, authorized, supervised, managed, and/or is otherwise responsible for the improper conduct described herein.

7.      Defendant Heartbox, Inc. is A California Corporation doing business as Wisteria Lane that at all times relevant herein, caused, directed, authorized, supervised, managed, and/or is otherwise responsible for the improper conduct described herein.

8.      Plaintiff is informed and believes and thereon alleges, that the true names and capacities, whether individual, corporate, associate, or otherwise, of any Defendants named herein as Does 1 through 10, Inclusive, and each of them, is unknown to Plaintiff, who therefore brings this action against said Defendants.

9.      Plaintiff is informed and believes and thereon alleges, that at all relevant times herein mentioned that Defendants and Does 1 through 10, inclusive, were the agents, servants and/or employees, partner, predecessor-in-interest, successor-in-interest, beneficiary, executor, fictitious business name, trustee, subsidiary, related/affiliated entity, assignee, assignor, legal

representative, general administrator, member, co-conspirator, and/or joint venturer or occupied other relationships with each other and acted within the course and scope of said agency and/or employment and/or other relationship. Defendants have ratified, consented to, had actual and/or constructive knowledge of, was bound by, approved or, and/or failed to prevent the acts of their agents, employees, predecessor-in-interest, successor-in-interest, trustees, trustors, and/or representatives, and that each actively, passively, acquiesced, participated in, allowed, aided and abetted, assisted, acted, or failed to act, with one another in the commission of the wrongdoing alleged in this Complaint.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of each of the aforementioned DOE Defendants named herein are unknown to Plaintiff, who therefore bring this action against said Defendants by their fictitious names pursuant to *Cal. Code Civ. Pro.* § 474.

11.     Plaintiff shall therefore seek leave to amend this Complaint to include the true names and capacities of said DOE Defendants in the event that identification of such parties is ascertained.

## JURISDICTION

12.     Plaintiff is informed and believes and thereon alleges, that venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District.

13.     Plaintiff is informed and believes and thereon alleges, that the above caption court has subject matter jurisdiction over this matter, which arises out of claims under federal law, including violations of:

14.     Plaintiff is informed and believes and thereon alleges, that "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking federal jurisdiction has the burden of establishing that a case lies within the Court's limited jurisdiction.  See *id*.

15.     The Court has personal jurisdiction over Defendant Park for the following reasons:

    a.   Defendant is domiciled in this district and conducts business in this district.

16.     The Court has personal jurisdiction over Defendant Park for the following reasons:

a. Defendant is domiciled in this district and conducts business in this district.

17. The Court has personal jurisdiction over Defendant Heartbox, Inc. for the following reasons:

a. Defendant is domiciled in this district and conducts business in this district.

**ALTER EGO**

18. Plaintiff is informed and believes and thereon alleges, that Heartbox, Inc. was the alter ego of Defendant H. Park and there exists at all times relevant herein, a unity of interest and ownership between Defendant H Park on the one hand and Heartbox, Inc. on the other hand such that any separateness between them has ceased to exist in that Defendant H. Park completely controlled, managed and operated Heartbox, Inc.

19. Plaintiff is informed and believes and thereon alleges, that Defendant H. Park directed the activities of Heartbox, Inc. Specifically at all times relevant herein, Defendant H. Park controlled the business affairs of Heartbox, Inc.; comingled the funds of Heartbox, Inc.; diverted the corporate funds and assets of Heartbox, Inc.; used Heartbox, Inc. as a shell, instrumentality or conduit; and disregarded the legal formalities necessary to maintain an arms length relationship with Heartbox, Inc.  As the alter ego of Heartbox, Inc., Defendant H. Park orchestrated, ratified and was otherwise involved in the conduct described in this Complaint.

20. Plaintiff is informed and believes and thereon alleges, that Heartbox, Inc. was the alter ego of Defendant S. Park and there exists at all times relevant herein, a unity of interest and ownership between Defendant S. Park on the one hand and Heartbox, Inc. on the other hand such that any separateness between them has ceased to exist in that Defendant S. Park completely controlled, managed and operated Heartbox, Inc.

21. Plaintiff is informed and believes and thereon alleges, that Defendant H. Park directed the activities of Heartbox, Inc. Specifically at all times relevant herein, Defendant S. Park controlled the business affairs of Heartbox, Inc.; comingled the funds of Heartbox, Inc.; diverted the corporate funds and assets of Heartbox, Inc.; used Heartbox, Inc. as a shell, instrumentality or conduit; and disregarded the legal formalities necessary to maintain an arms length relationship with Heartbox, Inc.  As the alter ego of Heartbox, Inc., Defendant S. Park orchestrated, ratified

and was otherwise involved in the conduct described in this Complaint.

## FACTS

22.     Plaintiff is a well established business that has been operating throughout the United States for nearly two decades.

23.     Plaintiff acts as a manufacturer representative serving European, Isreal, American, and Caribbean markets.

24.     Plaintiff's primary business relates to the design and manufacture and sale of various clothing products, including without limitation, popular women's clothing.

25.     Over the years, Plaintiff has expended significant resources in building its brand identity and business goodwill, establishing various industry leading marketing and advertising practices, and establishing key industry contacts.

26.     Plaintiff's brand and identity have become synonymous with high quality products along with competitive pricing.

27.     Plaintiff has used its recognition to gain various and exclusive clientele and build various brand names in connection with its goods and services.

28.     Plaintiffs hired Defendant H. Park as a General Manager on or around August 5, 2019.

29.     Through her position as General Manager, Defendant H. Park had administrative access to Plaintiff's data-servers and information, along with Plaintiff's Trade Secrets, business strategies, and data.

30.     In her position as General Manager, Defendant H. Park had direct contact with various clients and had access to Plaintiff's protected client and pricing lists.

31.     Defendant H. Park's job was to interface with other employees towards the benefit of Plaintiff's business, and help sell Plaintiff's goods and services to new and existing contacts.

32.     Defendant H. Park was to act in the best interest of Plaintiff and help further Plaintiff's goodwill and reputation.

33.     While still working for Plaintiff, defendant conspired with other persons to establish a competing business "Heartbox, Inc." That business was used as a way to compete with Plaintiff.

34.     Defendant H. Park used her influence, power, and authority to use Plaintiff's well

established business processes, contacts list, clients list, vendors list, pricing lists, business resources, copyrighted advertising, and other marketing material to gain an unfair advantage over Plaintiff, and then compete against Plaintiff.

35.	Defendant H. Park is the current named Chief Financial Officer of Heartbox, Inc.

36.	Defendant H. Park continues to use that entity to improperly and directly compete against Plaintiff.

37.	Defendant H. Park's last day of work with Plaintiff was on or around March 31, 2023.

38.	While employed with Plaintiff, and after leaving Plaintiff's employment, Defendant H. Park systematically and continuously used her administrative login credentials to access Plaintiff's data-servers, client resources management platform, in an effort to gain knowledge on and take Trade Secrets and other resources that Plaintiff owned, including without limitation, advertising documents, and copyrighted material.

39.	Defendant H. Park has further conspired with other persons in order to defraud, and interfere with Plaintiff's business in an effort to obtain monetary gain.

40.	Defendant S. Park was hired by Plaintiff as a sales manager on or around August of 2019.

41.	In her position as Sales Manager, Defendant S. Park had direct contact with various clients and client lists.

42.	Defendant S. Park's job was to establish new sales contacts for the benefit of Plaintiff and to sell Plaintiff's goods and services to new and existing contacts.

43.	Defendant S. Park was to act in the best interest of Plaintiff and help further Plaintiff's goodwill and reputation.

44.	While still working for Plaintiff, Defendant S. Park established a business "Heartbox, Inc." as a way to compete with Plaintiff.

45.	Defendant S. Park used her influence, power, and authority to use Plaintiff's well established business processes, contacts list, clients list, pricing lists, vendors list, business resources, copyrighted advertising, and other marketing material ("Trade Secrets") to gain an unfair advantage over Plaintiff, and then compete against Plaintiff.

46.	Defendant S. Park is the current named Chief Executive Officer and Secretary of

Heartbox, Inc. and continues to use that entity to improperly and directly compete against Plaintiff.

47.     Defendant S. Park's last day of work with Plaintiff was on or around October 21, 2022.

48.     While employed with Plaintiff, and after leaving Plaintiff's employment, Defendant S. Park systematically and continuously used her administrative login credentials to access Plaintiff's data-servers, client resources management platform, in an effort to gain knowledge on and take Trade Secrets and other resources that Plaintiff owned, including without limitation, advertising documents, and copyrighted material.

49.     Defendant S. Park has further conspired with other persons in order to defraud, and interfere with Plaintiff's business in an effort to obtain monetary gain.

50.     Plaintiff is informed and believes and thereon alleges, that while employed by Plaintiff, Defendants began to access and steal Plaintiff's customer lists, contact information, pricing lists, manufacturing processes, and trade names, among others.

51.     Plaintiff is informed and believes and thereon alleges, that while employed by Plaintiff, Defendants began using the information collected to create a business to compete against Plaintiff.

52.     Plaintiff is informed and believes and thereon alleges, that Defendants even established the entity Heartbox, Inc. while employed by Plaintiff, the very entity that is now set up to compete against Plaintiff and its business.

53.     Plaintiff is informed and believes and thereon alleges, that as a part of the campaign to compete against Plaintiff, Defendants further spoke with Plaintiff's client contacts, and used their position to establish relationships with those same contacts.

54.     Plaintiff is informed and believes and thereon alleges, that while employed by Plaintiff, Defendants improperly discounted and purchased Plaintiff's products, taking advantage of self imposed pricing in an effort to purchase Plaintiff's merchandise and compete against Plaintiff.

55.     Plaintiff is informed and believes and thereon alleges, that on some occasions Defendants did not even compensate Plaintiff at all for its goods, but instead Defendants used power and influence to direct Plaintiff's various employees to simply ship the goods to Defendants without

authorization or payment.

56. Plaintiff is informed and believes and thereon alleges, that while still employed by Plaintiff, Defendants and even began shipping Plaintiff's new clothing goods to various "relabeling" facilities, in order to have the goods relabeled under Defendants' competing brand name.

57. Plaintiff is informed and believes and thereon alleges, that as employees of Plaintiff, Defendants had a duty to act in the best interest of Plaintiff, but acted in their own interest instead.

58. Plaintiff is informed and believes and thereon alleges, that Defendants further disparaged Plaintiff to its clients, ruining various relationships that had been established over a long period of time, in an effort for Defendants to supplant Plaintiff with those clients and take over Plaintiff's business.

59. Plaintiff is informed and believes and thereon alleges, that while engaging in this activity, Defendants promised and continue to promise that they were working on behalf of Plaintiff, when in fact Defendants were establishing their own business at Plaintiff's detriment.

60. Plaintiff is informed and believes and thereon alleges, that Defendants did not intend to help Plaintiff's business succeed, but instead attempted to use Plaintiff's trade secrets, business practices, contacts to their own advantage towards setting up a competing business.

61. Plaintiff is informed and believes and thereon alleges, that Plaintiff have learned that, Defendants have taken various copyrighted photographs that Plaintiff uses in marketing, and has used exact copies of these photographs in their own marketing for the same goods under their own brand name. A true and accurate copy of the stolen copyrighted material is attached hereto as Exhibit A.

62. Plaintiff is informed and believes and thereon alleges, that since separating from Plaintiff, Defendants have accessed, and continued to access Plaintiff's client resource management portal, logging in as an administrator on multiple occasions, and accessing Plaintiff's various information, including resources such as marketing, updated price lists, customer contacts, and business processes.

63.     Plaintiff is informed and believes and thereon alleges, that Defendants were no longer authorized to access this information once the employment relationship was severed. Nonetheless, Defendants accessed Plaintiff's data-data-servers and information on at least twenty (20) occasions for periods ranging between five minutes and four hours.

64.     Plaintiff is informed and believes and thereon alleges, that Defendants continued to use the information located in Plaintiff's server in order to undercut Plaintiff's prices and use inside information to continue to steal Plaintiff's clients and business.

65.     Plaintiff is informed and believes and thereon alleges, that while the credentials used to access the information were valid, Defendants no longer had authorization to access the information, and used the credentials for an improper purpose, to steal various resources from Plaintiff and to steal Plaintiff's trade secrets.

66.     Plaintiff is informed and believes and thereon alleges, that Defendants have used their position as employees and former employees of Plaintiff in an effort to steal Trade Secret information that was exclusively owned and kept Confidential by Plaintiff.

67.     Plaintiff is informed and believes and thereon alleges, that Defendants have used their position as employees and/or former employees of Plaintiff to establish authority, access, and trust and used that authority, access and trust for their own gain and monetary benefit, by providing the same exact products to the same or similar clients.

68.     Plaintiff is informed and believes and thereon alleges, that Defendants substantially interfered with Plaintiff's property, by devaluing the property in an effort to obtain discounted prices, and then purchasing the goods at a discount for themselves and to their own benefit.

69.     Plaintiff is informed and believes and thereon alleges, that Defendants even took the goods directly, without paying for them at all, and had them directly relabeled under their own business name.

70.     Plaintiff is informed and believes and thereon alleges, that as a former sales manager and general manager of Plaintiff, Defendants have extensive knowledge of the relationships Plaintiff had with its clients, vendors, designers, and other team members.

71.     Plaintiff is informed and believes and thereon alleges, that Defendants is now actively

recruiting the same individuals, and more importantly, courting the same clients in an effort to compete against Plaintiff.

72.     Plaintiff is informed and believes and thereon alleges, that Defendants have even improperly disparaged Plaintiff to the extent that certain clients are no longer responding to Plaintiff.

73.     Plaintiff is informed and believes and thereon alleges, that Defendants have also used the information it has accessed and improperly acquired to undercut Plaintiff's prices in the market, thereby further damaging Plaintiff's business, goodwill and reputation.

74.     Plaintiff is informed and believes and thereon alleges, that Defendants is so brazen that Defendants is even competing against Plaintiff in the exact same channels of commerce and trade that Plaintiff have traditionally worked in.

75.     Plaintiff is informed and believes and thereon alleges, that Since Defendants' attack on Plaintiff have started, Plaintiff's business has suffered millions of dollars losses.

## CAUSE OF ACTION NO. 1

## COMPUTER FRAUD AND ABUSE

### Against All Defendants

76.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

77.     At all times relevant herein, the Trade Secrets were Plaintiff's property.

78.     Defendants, and each of them, exceeded authorized access by continuing to log into Plaintiff's platform as an administrator after Defendants' employment relationship with Plaintiff had ended.

79.     Defendants used this access to take various resources, such as marketing material, pricing lists, customer lists, vendor contact information and other information in furtherance of their own competing business and for personal monetary gain.

80.     Defendants continued to improperly access and take various resources including copyrighted photographs and other material that was Plaintiff's property, and use that property to compete and market against Plaintiff.

81.   Defendants were not entitled to access, view, take or use the information on Plaintiff's data-servers.

82.   Defendants caused Damage to Plaintiff by accessing the information and, among other things, using it to compete against Plaintiff.

83.   Plaintiff have suffered damage to its business, reputation, and goodwill, including lost advertising revenue and lost clients and lost future opportunities in excess of the minimum jurisdiction of this Court as a result of Defendants' conduct.

84.   As a further proximate result of Defendants' conduct, Defendants were unjustly enriched.

85.   Unless and until enjoined by order of this Court, Defendants will continue their illegal efforts and scheme to exploit Trade Secrets and other confidential information. Plaintiff have no adequate remedy at law for the irreparable injuries Defendants have caused and continues to cause.

## CAUSE OF ACTION NO. 2

## MISAPPROPRIATION OF TRADE SECRETS

## Against All Defendants

86.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

87.   At all times relevant herein, the Trade Secrets were exclusively owned by and kept confidential by Plaintiff.

88.   Defendants have used their trust, authority, and access afforded, along with other improper means such as those defined in Civil Code § 3426.1(a) to obtain and misappropriate the Trade Secrets with the intent and desire to further their career, to use and profit from such information, and to call and solicit the very same customers as Plaintiff, to provide the same goods and services as Plaintiff, and to harm the relationship Plaintiff enjoyed with its clients, and thus cause injury to Plaintiff.

89.   Defendants, by way of their previous employment with Plaintiff, knew or had reason to know that the Trade Secret information and other information they were taking was sensitive and owned by Plaintiff.

90.    Among other matters, Defendants have:

91.    Used the Trade Secret to communicate with various clients, all in an attempt to

92.    position themselves favorably against Plaintiff for her own use;

93.    Made improper use of Plaintiff knowledge of the Trade Secrets to access the

94.    the Plaintiff's resources and compete unfairly against Plaintiff for the Plaintiff's

95.    existing clients and in the Plaintiff's existing market.

96.    Devised marketing and used Plaintiff goodwill, work product, employees' service and other resources to market the Plaintiff's goods and services as their own.

97.    Avoided the expenditure of time and resources of obtaining potential clients and

98.    projects for marketing by using the Trade Secrets and other stolen information and disparaging Plaintiff in a marketing campaign for their own personal gain.

99.    As a proximate cause of Defendants' conduct, Plaintiff have suffered damages to its goodwill, business, reputation, including lost advertising revenue, lost clients, lost future opportunities in an amount greater than $75,000.00.

100.    As a further proximate result of Defendants' conduct, Defendants were unjustly enriched.

101.    Defendants' actions were oppressive, willful, malicious, and fraudulent.  Plaintiff is therefore entitled to punitive damages and reasonable attorneys' fees and costs.

102.    Unless and until enjoined by order of this Court, Defendants will continue their illegal efforts and scheme to exploit the Trade Secrets and other resources to compete against Plaintiff. Plaintiff have no adequate remedy at law for the irreparable injuries Defendants have caused and continues to cause.

## CAUSE OF ACTION NO. 3

## CONVERSION

### Against All Defendants

103.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

104.    Plaintiff contends that it owned and had a right to possess the Trade Secret and company resources that Defendants improperly acquired.

105.    Defendants substantially interfered with the Plaintiff's property by knowingly and intentionally removing the product, resources, and Trade Secret information from the Plaintiff's possession for personal gain.

106.    Defendants now refuses to cease this improper activity, or compensate Plaintiff for its losses.

107.    Plaintiff did not consent to Defendants' conduct.

108.    Plaintiff was harmed and Defendants' conduct was a substantial factor in causing such harm.

109.    Defendants' conduct has resulted in damages including direct and consequential and other damages.

110.    Plaintiff is entitled to punitive damages and its reasonable attorneys' fees and costs to the maximum extent and permitted by law.

111.    Until enjoined by order of this Court, Defendants will continue their illegal efforts and scheme to exploit the Trade Secrets and the Plaintiff's resources.

112.    Plaintiff have no adequate remedy at law for the irreparable injuries Defendants have caused and continues to cause.

113.    Plaintiff is informed and believes and thereon alleges that, in addition, Defendants' conduct has caused and continues to cause damage to the Plaintiff's business, reputation, and goodwill.

### CAUSE OF ACTION NO. 4

### Common Law Copyright Infringement

### Against All Defendants

114.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

115.    Plaintiff owns a valid copyright in each of the Marketing Photographs described herein.

116.    Defendants improperly accessed Plaintiff's photographs, and displayed such photographs on various marketing materials on the web.

117.    Defendants acted willfully, in an attempt to compete against Plaintiff.

118.     Defendants further sought commercial advantage and private financial gain by using the copyrighted material in marketing the same products, goods, and services as Plaintiff, but without having to spend any amount to acquire those products, goods, services, and marketing.

119.     Plaintiff was damaged as a direct and proximate result of Defendants' conduct.

120.     Plaintiff now seeks an injunction against Defendants, preventing Defendants from continuing to use Plaintiff's copyrighted material in its advertising and marketing.

121.     Plaintiff now seeks lost profits and actual damages as a result of Defendants' conduct.

### CAUSE OF ACTION NO. 5

### INTENTIONAL INTERFERNECE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### Against All Defendants

122.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

123.     Defendants owed a duty of care to Plaintiff as a former agent of Plaintiff.

124.     As a former agent of Plaintiff, Defendants have extensive knowledge of the relationships Plaintiff have with its clients, vendors, designers, engineers, staff and other team members.

125.     Plaintiff enjoyed relationships with various clients and business contacts who are now being actively recruited and poached by Defendants in connection with their effort to setup a competing business.

126.     Defendants continue a campaign of misinformation about Plaintiff in an effort to turn these contacts against Plaintiff and destroy the Plaintiff's existing relationships.

127.     Defendants knows the history of the Plaintiff's relationships with its clients and business contacts in detail, including which of those relationships contain the probability of future economic benefit to Plaintiff, when and on what terms Plaintiff is able to give to those contacts.

128.     Defendants' aforementioned wrongful conduct was designed to disrupt, and has in fact disrupted, as well as adversely affected, Plaintiff's economic relationships with its clients, vendors, and personnel. Due to Defendants' conduct and campaign to hurt Plaintiff business, Plaintiff have been unable to timely mitigate the damages resulting from Defendants' theft of Plaintiff's resources and Trade Secrets.

129.   As a direct result of Defendants' conduct, Plaintiff have already lost its relationships with several current clients, several future clients, and other business relationships.

130.   Defendants engaged in the wrongful conduct described above in an attempt to market and advertise their own services all at the expense of Plaintiff. Said conduct accordingly constitutes interference with perspective economic advantage.

131.   As a direct and proximate result of Defendants' wrongful acts, Plaintiff have suffered damage to its business by way of lost advertising revenue, as well as its reputation and goodwill in excess of the minimum jurisdiction required by this Court.

132.   Defendants' aforementioned conduct was willful and oppressive, or fraudulent, or malicious. Plaintiff is therefore entitled to punitive damages.

133.   Unless and until enjoined by order of this Court, Defendants will continue their illegal efforts and scheme to interfere with Plaintiff's prospective economic advantage and cause damage to its reputation and goodwill.

134.   Plaintiff have no adequate remedy at law for the irreparable injuries Defendants have caused and continues to cause, including, but not limited to, damage to Plaintiff's prospective economic advantage, business, reputation, and goodwill. The continued interference by Defendants with Plaintiff's prospective economic advantage would require Plaintiff to maintain a multiplicity of judicial proceedings to protect its interests.

## CAUSE OF ACTION NO. 6

## NEGLIENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### Against All Defendants

135.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

136.   Defendants owed a duty of care to Plaintiff as a former agent of Plaintiff.

137.   As a former agent of Plaintiff, Defendants have extensive knowledge of the relationships Plaintiff have with its clients, vendors, designers, engineers, staff and other team members.

138.   Plaintiff enjoyed relationships with various clients and business contacts who are now being actively recruited and poached by Defendants in connection with their effort to setup a

competing business.

139.    Defendants continue a campaign of misinformation about Plaintiff in an effort to turn these contacts against Plaintiff and destroy the Plaintiff's existing relationships.

140.    Defendants knows the history of the Plaintiff's relationships with its clients and business contacts in detail, including which of those relationships contain the probability of future economic benefit to Plaintiff, when and on what terms Plaintiff is able to give to those contacts.

141.    Defendants' aforementioned wrongful conduct was designed to disrupt, and has in fact disrupted, as well as adversely affected, Plaintiff's economic relationships with its clients, vendors, and personnel. Due to Defendants' conduct and campaign to hurt Plaintiff business, Plaintiff have been unable to timely mitigate the damages resulting from Defendants' theft of Plaintiff's resources and Trade Secrets.

142.    As a direct result of Defendants' conduct, Plaintiff have already lost its relationships with several current clients, several future clients, and other business relationships.

143.    Defendants engaged in the wrongful conduct described above in an attempt to market and advertise their own services all at the expense of Plaintiff. Said conduct accordingly constitutes interference with perspective economic advantage.

144.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff have suffered damage to its business by way of lost advertising revenue, as well as its reputation and goodwill in excess of the minimum jurisdiction required by this Court.

145.    Defendants' aforementioned conduct was willful and oppressive, or fraudulent, or malicious. Plaintiff is therefore entitled to punitive damages.

146.    Unless and until enjoined by order of this Court, Defendants will continue their illegal efforts and scheme to interfere with Plaintiff's prospective economic advantage and cause damage to its reputation and goodwill.

147.    Plaintiff have no adequate remedy at law for the irreparable injuries Defendants have caused and continues to cause, including, but not limited to, damage to Plaintiff's prospective economic advantage, business, reputation, and goodwill. The continued interference by Defendants with Plaintiff's prospective economic advantage would require Plaintiff to maintain a

multiplicity of judicial proceedings to protect its interests.

### CAUSE OF ACTION NO. 7

### Breach of the Duty of Loyalty

### Against All Defendants

148.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

149.    As an employee of Plaintiff, Defendants owed Plaintiff a degree of loyalty to work in the best interest of Plaintiff and Plaintiff's business.

150.    Instead, Defendants took advantage of management positions, titles, authority, and corporate opportunities, such as the ability to interface with clients and authorization over various employees, for their personal monetary gain.

151.    Defendants, further failed to disclose their improper purchases of Plaintiff's goods at discounted prices, or took Plaintiff's goods without payment whatsoever, took Plaintiff's marketing material, Trade Secrets, and business contacts and maintained a person interest in the transactions between Plaintiff, its employees, clients, and vendors.

152.    Defendants further published, disclosed, and/or used Plaintiff's confidential information for their own gain.

153.    Plaintiff was damaged as a direct and proximate cause of Defendants' conduct.

### CAUSE OF ACTION NO. 8

### FRAUD

### Against All Defendants

154.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully stated herein.

155.    Defendants represented that Defendants were working as an employee of Plaintiff and for Plaintiff's business.

156.    That Defendants would sell Plaintiff's items and goods for Plaintiff's business and in furtherance of Plaintiff's goodwill.

157.    That Defendants' representation was false, and Defendants intended to work for their own

1 | benefit and monetary gain.

2 | 158.    That Defendants knew their representation was false, and even established a competing

3 | business against Plaintiff while still employed by Plaintiff.

4 | 159.    Plaintiff reasonably relied on Defendants' representation in allowing Defendants to

5 | maintain employment, and access to various Trade Secrets and interface with clients on

6 | Plaintiff's behalf.

7 | 160.    Plaintiff was harmed by Defendants' conduct.

8 | 161.    Plaintiff's reliance on Defendants' representation was a substantial factor in causing the

9 | harm.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants as follows:

2. All actual, consequential and incidental financial losses, reimbursements, and restitution, together with prejudgment interest, according to proof.

3. Additional compensatory and/or general damages according to proof.

4. Reasonable attorneys' fees, costs, and filing fees paid according to proof.

5. Pre and Post-judgment interest according to any applicable provision of law, according to proof.

6. Costs and fees incurred as a result of the above-captioned action.

7. Punitive and exemplary damages.

8. Injunctive Relief.

9. Any additional, further relief as the Court deems proper.

                                            **JAIN LAW OFFICES, P.C.**

Dated: June 23, 2023

                                            By: _____

                                            Kunal Jain
                                            James L. Hanger III
                                            Attorneys for Plaintiff
                                            S&R Global Inc.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: June 23, 2023

**JAIN LAW OFFICES, P.C.**

By: _____

Kunal Jain
James L. Hanger III
Attorneys for Plaintiff
S&R Global Inc.

19
COMPLAINT